UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-60201-MOORE(s)

UNITED STATES OF AMERICA

vs.

PATRICK KILLEN, JR.,
    a/k/a "rebeccatill05,"
    a/k/a "beverlyhills05,"
    a/k/a "chanelizzabel,"

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE RECORDS PRODUCED BY KIK INTERACTIVE, INC.**

The United States of America, by and through the undersigned Assistant United States Attorney, files this Response to Defendant's Motion *In Limine* [DE 84] to Exclude Records Produced by Kik Interactive, Inc. The United States respectfully requests that the Court deny defendant's motion as it has no basis in law or in fact.

## BACKGROUND

On February 27, 2015, a federal grand jury in the Southern District of Florida returned an indictment against the defendant for production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); transmission of interstate threats, in violation of 18 U.S.C. § 875(d); possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and destruction of records of a federal investigation, in violation of 18 U.S.C. § 1519. The government superseded the indictment with additional counts relating to child pornography.

On May 31, 2015, and June 5, 2015, the government filed notices of its intent to admit business records, which included business records received from Kik Interactive, Inc. [DE47, 52]. The Kik business records are bind logs, chat logs, and other computer-generated information. The business records also contained images sent and received by Kik username Rebeccatill05. The government had requested the business records through the Mutual Legal Assistance Treaty (MLAT) process because Kik Interactive, Inc., is located in Canada. Kik responded to the MLAT with records accompanied by a certification that the records were kept in the course of the regularly conducted business activity at or near the time of the acts, conditions, or event to which they relate.

The defendant argues that the Kik business records violate his Sixth Amendment Confrontational Right under *Crawford* and are inadmissible hearsay. The defendant's arguments are unavailing.

## ARGUMENT

### A. The Kik Business Records Are Non-Testimonial in Nature

In *Crawford v. Washington*, the Supreme Court held that, where the government offers at trial hearsay evidence that is "testimonial" in nature, the Confrontation Clause of the Sixth Amendment requires actual confrontation, *i.e.*, cross-examination, regardless of how reliable the statement may be. 541 U.S. 36 (2004). The issue of a potential violation of the Confrontation Clause arises only when the government is seeking to introduce an unavailable out-of-court declarant's testimonial hearsay statement that the defendant had no prior opportunity to test by cross-examination. In order to trigger analysis under *Crawford*, the out-of-court statement the government seeks to introduce must in fact be "testimonial." The Confrontation Clause is completely inapplicable to non-testimonial hearsay. *Davis v. Washington*, 547 U.S. 813 (2006).

Although the Court in *Crawford* declined to give a comprehensive definition of "testimonial" evidence, "non-testimonial evidence fails to raise the same concerns as testimonial evidence. Because non-testimonial evidence is not prepared in the shadow of criminal proceedings, it lacks the accusatory character of testimony." *Crawford*, 541 U.S. at 68.

Here, the bind logs, chat logs, images, and other computer-generated information provided by Kik for the Rebeccatill05 account are non-testimonial. The records were not made with the intent to use them in litigation, but rather, Kik maintains the records in the ordinary course of business. None of the records provided by Kik were specifically created anew at the government's request. Unlike *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012), cited by the defendant, none of the Kik business records were generated and tailored to meet a governmental investigative need. Therefore, the Kik business records are admissible under *Crawford*.

### B. The Kik Business Records Are Not Hearsay

The defendant further complains that the Kik business records constitute hearsay. The bind logs, chat logs, images, and other computer generated information provided by Kik is not hearsay, as it is not a "statement" under Federal Rule of Evidence 801. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801( c). "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Fed. R. Evid. 801(a). The data from the Kik is not an "oral or written assertion." It is merely the output of a technological device. Furthermore, the images cannot possibly be excluded under the holding of *Crawford* because the images are not out of court statements and

therefore cannot be testimonial in nature. *See United States v. Lizarraga-Tirado*, No. 13-10530, pp. 5-6 (9th Cir. June 18, 2015).

Additionally, some of the images constitute statements made by the defendant. This evidence is admissible under Federal Rules of Evidence 801(d)(2)(statement of a party opponent).

## CONCLUSION

None of the evidence summarized above is testimonial in nature, and defendant has failed to raise any basis upon which such evidence would be testimonial and also hearsay. Wherefore, the government respectfully requests that the Court deny the defendant's motion *in limine* to exclude the Kik business records.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/Robert Emery
ROBERT EMERY
Assistant United States Attorney
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9421
Email: Robert.emery2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using CM/ECF on July 7, 2015.

                                                By: s/Robert Emery
                                                Robert Emery
                                                Assistant United States Attorney