UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 09, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-13761-AA
Case Style: USA v. Patrick Killen, Jr.
District Court Docket No: 1:15-cr-20106-RNS-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 18-13761

_____

District Court Docket No.
1:15-cr-20106-RNS-1

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

versus

PATRICK KILLEN, JR.,
a.k.a rebeccatill05,
a.k.a. beverlyhills05,
a.k.a. chanelizzabel,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 10, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 07/09/2019

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13761
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20106-RNS-1

UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

PATRICK KILLEN, JR.,
a.k.a. rebeccatill05,
a.k.a. beverlyhills05,
a.k.a. chanelizzabel,

                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

In an earlier opinion, this Court vacated the original sentence of 139 years imposed on Patrick Killen, Jr., as substantively unreasonable. United States v. Killen, 729 F. App'x 703, 717–18 (11th Cir. 2018) (unpublished). We remanded his case for resentencing before a different district judge. Id. at 718. On remand, that district judge imposed a 50-year sentence. This is the appeal of the 50-year sentence. After careful review, we affirm.

A jury convicted Killen of three counts of coercing or employing a minor for the purpose of producing child pornography, 18 U.S.C. § 2251(a), (e); six counts of distribution or receipt of child pornography, 18 U.S.C. § 2252(a)(2), (b)(1); two counts of extortion by interstate threats, 18 U.S.C. § 875(d); two counts of possession of child pornography involving a visual depiction of a prepubescent minor younger than 12, 18 U.S.C. § 2252(a)(4)(B), (b)(2); and two counts of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), (b)(2). Killen, 729 F. App'x at 706. We do not recount the conduct that led to these convictions, as it was described in the Court's earlier opinion in Killen's case. Id. at 706–07.

Instead, we turn to Killen's challenges to his sentence. Killen says the new sentence violates our mandate. He also says his new sentence is procedurally and substantively unreasonable. And he says his new sentence violates the Eighth Amendment.

We review de novo whether the district court violated our mandate. United States v. Amedeo, 487 F.3d 823, 829 (11th Cir. 2007). In an earlier decision, this Court ruled the district court imposed a substantively unreasonable sentence by failing to consider the need to avoid unwarranted sentencing disparities, one of the factors enumerated in 18 U.S.C. § 3553(a). Killen, 729 F. App'x at 717–18. As an example of the importance of considering sentencing disparities in the context of offenses like Killen's, the Court pointed to United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009). Killen, 723 F. App'x at 717–18. In Kapordelis, a district court imposed a 35-year sentence on a more mature defendant whose crimes involved actual child abuse and whose conduct spanned a longer period than Killen's. 569 F.3d at 1318–19. The Court contrasted Killen's sentence with Kapordelis's. See Killen, 723 F. App'x at 717–18. Killen says the mandate required the district court to sentence him to less than 35 years.

We conclude the district court complied with the mandate, which did not require it to impose any particular sentence. Rather, the district court was required on remand to consider the need to avoid unwarranted sentencing disparities. See id. The district court followed that instruction. The district court considered the sentence imposed in Kapordelis, the average sentence for offenders convicted of producing child pornography, and sentences in other cases involving comparable

3

conduct. It fashioned a sentence in light of other sentences in these comparable cases. That analysis satisfied our mandate.

We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting United States v. Campa, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

Killen argues the district court misapplied the § 3553(a) factors, failed to explain why it imposed consecutive sentences, and failed to explain why it imposed the specific sentence it did. Each of these arguments fails.

The district court considered the § 3553(a) factors. Killen says the district court did not consider Sentencing Commission reports he submitted that show child pornography production defendants on average receive shorter sentences than his. He is mistaken. The district court expressly considered the average sentence for producing child pornography. And Killen did not show that his conduct was so similar to the average child pornography production defendant that he should have been sentenced in line with the mean. In settling on a 50-year sentence, the district

court considered other sentences in cases involving comparable conduct. This was no abuse of discretion.

Neither did the district court abuse its discretion in imposing consecutive sentences. In making a decision about whether prison terms should run concurrently or consecutively, a district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Under U.S. Sentencing Guideline § 5G1.2(c), "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently." And under U.S. Sentencing Guideline § 5G1.2(d), "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."

Killen says these Guideline provisions required the district court to make an individual determination as to the sentence for each offense charged, rather than "merely arriv[ing] at a final sentence." Again, he is mistaken. This Court's precedent holds that § 3584(b) "authorizes the district court to impose a consecutive sentence provided that it first considers the § 3553(a) factors." United States v. Covington, 565 F.3d 1336, 1346–47 (11th Cir. 2009). "Once those

factors are considered, the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable." Id. at 1347. The district court considered the § 3553(a) factors in fashioning Killen's sentence. There was thus no abuse of discretion.

We also conclude the district adequately explained its reasons for imposing a 50-year sentence. Contrary to Killen's position, the district court gave a lengthy explanation for the sentence it imposed, and it made clear that it had thoroughly reviewed the record. Our review of the sentencing transcript convinces us the district court gave the sentence due consideration and made its reasons plain.

Finally, "we review de novo the legality of a sentence under the Eighth Amendment." United States v. McGarity, 669 F.3d 1218, 1255 (11th Cir. 2012). The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. In evaluating an Eighth Amendment challenge to a sentence in a non-capital case, we must first "make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam) (quotation marks omitted). The defendant bears the burden of making this threshold showing. Id. In general, a defendant whose sentence falls within the limits imposed by statute cannot make the threshold showing of gross disproportionality, as we generally defer to Congress's "broad authority to

determine the type and limits of punishments for crimes." Id. (quotation marks omitted).

Killen has not made the threshold showing. His sentence fell within the statutory range and was a substantial variance downward from his guideline range. He committed serious offenses with lasting consequences. We conclude his sentence was not grossly disproportionate and thus does not violate the Eighth Amendment.

**AFFIRMED.**