United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Patrick J. Killen, Jr., Movant, | ) |
| | ) |
| v. | ) Civil Action No. 19-24916-Scola |
| | ) Crim. Action No. 15-20106-Scola |
| United States of America, | ) |
| Respondent. | |

**Order Denying Second Amended Motion to Vacate**

The Movant has filed a Second Amended Motion to Vacate under 28 U.S.C. § 2255 ("SAM"). (Cv-ECF Nos. 21–22). As discussed below, the Court denies the SAM.

### 1.   Background

"In 2013, when Mr. Killen[1] was nineteen, he began posing as a young girl on Kik, which is a messaging-based mobile-phone application." *United States v. Killen*, 729 F. App'x 703, 706 (11th Cir. 2018) (per curiam). "Using the names 'Rebecca Till' or 'Chanel Izzabel,' Mr. Killen began online conversations with teenage boys." *Id.* "He sent the boys images of a partially dressed young girl and asked the boys to send him nude photos of themselves in return." *Id.* "The boys agreed and sent photos of themselves, standing naked before a mirror, with their faces and genitalia visible." *Id.* "After agreeing to the initial requests, some of the boys tried to end their contact with Mr. Killen." *Id.* "Mr. Killen in turn threatened these boys that he would post their nude photos on social media platforms, like Instagram, unless they continued to send him more nude photos." *Id.* "The threatened boys complied." *Id.* "Sometimes, Mr. Killen directed the boys to assume particular poses." *Id.* "Mr. Killen distributed these photos to another Kik user, 'Vanyher.'" *Id.* "He also came to possess a lot of child pornography—over 2,000 images and 100 videos—on his personal electronic devices."

"Law-enforcement offices, including the Federal Bureau of Investigation, began getting complaints about someone using Mr. Killen's usernames in 2013." *Id.* "One of these complaints led the FBI to Mr. Killen's residence in Hialeah, Florida." *Id.* "On February 11, 2014, Special Agents Laura Schwartzenberger and Jason Ginther interviewed Mr. Killen at his home." *Id.* "During the interview, Mr. Killen admitted to being 'Rebecca Till' and asking

---

[1] "Mr. Killen" refers to the Movant.

boys ages fourteen or fifteen to send him nude images." *Id.* "He also consented to the search of his electronic devices." *Id.*

"Mr. Killen was arrested over a year later." *Id.* "A superseding indictment charged him with the following: coercing or employing a minor for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1, 3, 5); distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 2, 7–11); extortion by interstate threats, in violation of 18 U.S.C. § 875(d) (Counts 4, 6); possession of child pornography involving a visual depiction of a prepubescent minor younger than 12, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Counts 12, 15); possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Counts 13, 16); and destruction of evidence, in violation of 18 U.S.C. § 1519 (Count 14)." *Id.*

"Before trial, Mr. Killen filed a motion to suppress his February 2014 confession as well as the search of his electronic devices." *Id.* "After a suppression hearing, the Magistrate Judge issued a report and recommendation ('R&R') recommending the motion be denied." *Id.* at 706–07. "The R&R was then adopted in full by the District Court." *Id.* at 707. "After a 5-day trial, a jury convicted Mr. Killen on all counts except for Count 14, which related to the destruction of evidence." *Id.* "The District Court sentenced Mr. Killen to [139 years'] imprisonment." *Id.*

"On appeal Mr. Killen challenge[d] the District Court's denial of his suppression motion, the sufficiency of the superseding indictment, the admission and exclusion of certain evidence, and the sufficiency of the evidence to sustain his conviction on certain counts." *Id.* "He also argue[d] that his sentence [was] procedurally and substantively unreasonable, and that it violate[d] the Eighth Amendment." *Id.*

The Eleventh Circuit affirmed his convictions but vacated his sentence, finding that it was substantively unreasonable. *Id.* at 706, 717. In affirming the Movant's convictions, the Eleventh Circuit found that "there was [] overwhelming evidence of Mr. Killen's guilt on the offenses of conviction." *Id.* at 714. In this regard, "FBI Agent Melissa Starman testified about the evidence recovered from Mr. Killen's personal electronic devices, including: saved conversations between Mr. Killen and the victims; saved conversations between Mr. Killen and other internet users interested in child pornography; photographs and videos containing child pornography; use of file-sharing software; and incriminating internet searches." *Id.* "Agent Schwartzenberger testified about Mr. Killen's confession during the February 2014 interview." *Id.* "And Mr. Killen himself testified and admitted to soliciting child pornography and to the extortion conduct." *Id.* at 714–15. "Mr. Killen also confirmed that

Agent Schwartzenberger's testimony about what he said in his confession was 'essentially' correct." *Id.* at 715.

"On remand, [this Court] imposed a 50-year sentence." *United States v. Killen*, 773 F. App'x 567, 569 (11th Cir. 2019) (per curiam) ["*Killen II*"]. The Movant appealed, arguing that the new sentence was procedurally and substantively unreasonable and violated the Eighth Amendment. *Id.* The Eleventh Circuit rejected these arguments and affirmed. *Id.* at 569, 571.

The Movant timely filed a motion to vacate under § 2255, which he twice amended.  (Cv-ECF Nos. 1, 9, 21–22). The SAM purports to assert three claims (ineffective assistance of counsel, prosecutorial misconduct, and newly discovered evidence) and eight total subclaims. (Cv-ECF No. 22 at 2). However, properly understood, the SAM asserts 21 distinct claims, all of which the Movant supports with vague and conclusory allegations. (*See generally id.*) The Court declines to follow the Movant's misleading categorization of his claims and will analyze the claims that he actually presented.

The Government responded. (Cv-ECF No. 27). The Movant replied. (Cv-ECF No. 29). The reply adds nothing of substance to the SAM.

### 2.     **Ineffective Assistance of Counsel Principles**

To establish a claim of ineffective assistance of counsel, the Movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017).

To prove prejudice, the Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Movant has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012) (citation omitted), as well as the burden of proof under § 2255, *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases).

### 3. Discussion

#### A. Claim 1

The Movant alleges that counsel ineffectively failed to argue that he was innocent because pornographic videos were automatically downloaded onto his computer without permission. (Cv-ECF No. 22 at 4, 6). The Movant's vague and conclusory description of how these videos ended up on his computer does not satisfy *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("A convicted defendant making a claim of ineffective assistance must *identify the acts or omissions of counsel* that are alleged not to have been the result of reasonable professional judgment." (emphasis added)); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (section 2255 movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

Notably, moreover, trial counsel declares that he retained "the services of [a] computer forensic examiner . . . and his associate" and that their "team could not conclude that Mr. Killen, Jr. did not produce, download, possess or distribute child pornography." (Cv-ECF No. 27-2 ¶ 6). Additionally, the Movant possessed 2,000 images of child pornography, not just videos. *Killen*, 729 F. App'x at 706.

In short, the Movant cannot show deficiency or prejudice on this claim.

#### B. Claim 2

The Movant alleges that counsel failed to challenge the defective indictment. (Cv-ECF No. 22 at 4). However, counsel declares that it was his "professional opinion that the government correctly charged the violations." (Cv-ECF No. 27-2 ¶ 8). The Movant's wholly conclusory allegations cannot overcome the presumption that this decision was reasonable. *See Strickland*, 466 U.S. at 690; *Borden*, 646 F.3d at 810; *Wilson*, 962 F.2d at 998.

#### C. Claim 3

Claim 3 is not fully clear. The Movant alleges that counsel failed to "identify the conduct and produce the alleged victims and original evidence that purportedly violated the statutes." (Cv-ECF No. 22 at 4). He adds that counsel conducted an inadequate pretrial investigation. (*Id.* at 5).

This claim is wholly conclusory and, therefore, meritless. Notably, moreover, trial counsel declares that: (1) the Movant could not go to the FBI to review the child pornography because he was denied bond pending trial; (2)

counsel provided him with all the discovery that did not contain child pornography; and (3) he never requested to see child pornography. (Cv-ECF No. 27-2 ¶ 5). Counsel mentions several other actions he took to investigate the case, including retaining a forensic expert and "a psychologist and psychiatrist to interview [the Movant] to discern possible mental defenses." (*Id.* ¶¶ 6–7). Additionally, although counsel "located at least one of the minor alleged victims named in the superseding indictment," he did not believe the victim's testimony "would advance any viable defense theory; and, in fact would create additional sympathy for the alleged victims." (*Id.* ¶ 8). This deliberative "strategic choice[]" is "virtually unchallengeable." *See Strickland*, 466 U.S. at 690.

In short, claim 3 lacks merit.

### D. Claim 4

The Movant alleges that counsel ineffectively failed to argue that the evidence was insufficient. (Cv-ECF No. 22 at 5). Likewise, he alleges that counsel ineffectively failed to move to dismiss the case because the Government did not have evidence of illegal activity. (*Id.*)

This claim fails because it is wholly conclusory. Furthermore, counsel did file a motion to suppress the Movant's statements to the FBI agents and the evidence derived from consent searches of his electronic devices. (Cr-ECF No. 35). Additionally, the Eleventh Circuit found that the evidence of his guilt was overwhelming, which belies the notion that the Government lacked evidence of illegal activity.

In sum, this claim fails.

### E. Claim 5

The Movant alleges that counsel ineffectively failed to argue that the evidence produced did not belong to him. (Cv-ECF No. 22 at 5). This apparent claim is not meaningfully distinct from claims 1 and 4 and fails for the same reasons.

### F. Claim 6

The Movant alleges that counsel ineffectively failed to consult with him. (Cv-ECF No. 22 at 6). This claim fails because it is wholly conclusory and, in any event, contradicted by the record. (Cv-ECF No. 27-2 ¶¶ 5, 8).

### G. Claim 7

The Movant alleges that counsel ineffectively failed to appeal to the District Judge the Magistrate Judge's denial of bond. (Cv-ECF No. 22 at 7). However, "the denial of bail, which does not affect either the conviction or sentence, is not ordinarily a cognizable issue in a § 2255 motion." *Hitas v.*

*United States*, No. 3:11-CR-264-J-37JRK, 2019 WL 2717169, at *2 (M.D. Fla. June 28, 2019) (alteration adopted) (citations omitted).

Assuming this claim were cognizable, it would still fail. The Movant's wholly conclusory allegations fail to show that the District Judge would have overruled the Magistrate Judge's determination. Furthermore, even had the Court set bond and the Movant obtained pretrial release, his wholly conclusory allegations do not support a reasonable inference that there would have been a reasonable likelihood of a more favorable outcome at trial. In short, the Movant has not shown prejudice.

Claim 7 fails.

### H.    Claim 8

The Movant alleges that counsel ineffectively failed to challenge the Government's failure to obtain counseling for him when he was a pretrial detainee. (Cv-ECF No. 22 at 7). It is true that Magistrate Judge Turnoff ordered that he receive counseling while in custody. (Cr-ECF No. 28 at 36–37, 44). However, the Bureau of Prisons did not offer "sex offender treatment services for pretrial or presentence detainees." (Cv-ECF No. 27-3 at 2). The Movant's wholly conclusory allegations are insufficient to show that any objection by counsel would have changed this outcome.

If the Movant alleges that he did not receive any mental health care as a pretrial detainee and that counsel failed to challenge this omission, this claim would not be cognizable under § 2255. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action . . . ." (citation and internal quotation marks omitted)). And, if this claim were cognizable here, the Movant has not shown that any objection by counsel would have changed this outcome.

If Movant alleges that counsel ineffectively failed to have a mental health expert evaluate him, this is untrue. (Cv-ECF No. 27-2 ¶ 7).

In sum, claim 8 lacks merit.

### I.    Claim 9

The Movant alleges that counsel ineffectively failed to call forensic experts and victims as witnesses. (Cv-ECF No. 22 at 8). As noted, counsel explored this possibility and, after a thorough investigation, concluded that presenting such witnesses would be unhelpful and potentially counterproductive. (Cv-ECF No. 27-3 ¶¶ 6, 8). This decision was not deficient. *See Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and

6

it is one that we will seldom, if ever, second guess." (citation omitted)). Nor was it prejudicial considering the overwhelming evidence of the Movant's guilt. This claim fails.

### J. Claim 10

The Movant alleges that counsel ineffectively failed to secure the advice and assistance of a psychologist before trial because he gave no notice of his intent to introduce such testimony. (Cv-ECF No. 22 at 8). It is true that the Court excluded expert testimony about his mental state because counsel failed to give notice of such testimony under Federal Rule of Criminal Procedure 12.2. *Killen*, 729 F. App'x at 712. The Court assumes that this failure was deficient. However, the Movant cannot show prejudice considering the overwhelming evidence of his guilt. Furthermore, counsel declares that, based on the evaluation of a psychologist and psychiatrist, "an expert on Mr. Killen, Jr.'s mental state would not be beneficial to the defense." (Cv-ECF No. 27-2 ¶ 7). The Movant's wholly conclusory allegations fail to show otherwise. In short, the Movant cannot show prejudice on this claim.

### K. Claim 11

The Movant alleges that the Government committed misconduct by searching his home and electronic equipment without a search warrant. (Cv-ECF No. 22 at 10). The Eleventh Circuit rejected this argument on direct appeal. *Killen*, 729 F. App'x at 707–10. The Movant cannot relitigate this issue here. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." (collecting cases)).

### L. Claim 12

The Movant appears to allege that the Government accessed his cell site information without a warrant, in violation of the Fourth Amendment. (*See* Cv-ECF No. 22 at 11–12). For starters, this claim is unsupported and conclusory and fails for this reason alone. *See Beeman*, 871 F.3d at 1222; *Borden*, 646 F.3d at 810; *see also Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (movant must allege more than vague and conclusory facts to obtain an evidentiary hearing under § 2255). Furthermore, the Government contends that it did not use cell site information at trial. (Cv-ECF No. 27 at 12). Because the Movant has not disputed this representation, (*see generally* Cv-ECF No. 29), and because counsel for the Government has a duty of candor to

the tribunal, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), the Court accepts as true this representation. Thus, claim 12 fails.

### M.  Claim 13

The Movant cursorily cites a smattering of federal statutes that the Government's search allegedly violated. (Cv-ECF No. 22 at 11–12). Again, such conclusory allegations are insufficient for relief under § 2255. *See Beeman*, 871 F.3d at 1222; *Borden*, 646 F.3d at 810; *see also Winthrop-Redin*, 767 F.3d at 1216. Moreover, for the reasons in the Government's response, these conclusory contentions are procedurally defaulted. (Cv-ECF No. 27 at 12–17). In short, the Movant did not raise these claims on direct appeal and has not shown cause for not raising them or that he is actually innocent. Indeed, he did not respond to the Government's procedural default argument in his reply. (*See generally* Cv-ECF No. 29); *see also Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1354 (11th Cir. 2012) ("[The petitioner] has not presented us with any argument about cause and prejudice or a miscarriage of justice to overcome the procedural bar."). In short, claim 13 lacks merit.

### N.  Claim 14

The Movant contends that the FBI investigators' questioning of him violated due process and a couple of federal statutes. (Cv-ECF No. 22 at 12–13). Movant cannot relitigate his due process claim here because the Eleventh Circuit rejected it on direct appeal. *Killen*, 729 F. App'x at 707–10; *see also Stoufflet*, 757 F.3d at 1239. His cursory citation to a couple of federal statutes is not sufficient for § 2255 relief. *See Beeman*, 871 F.3d at 1222; *Borden*, 646 F.3d at 810; *see also Winthrop-Redin*, 767 F.3d at 1216. Furthermore, any claim based on these statutes would be procedurally defaulted. *See supra* Part 3(M).

### O.  Claim 15

The Movant alleges that the prosecutor violated due process and the Federal Rules of Evidence by destroying, manipulating, and altering "non-original evidence." (Cv-ECF No. 22 at 13). Similarly, he alleges that he could not review and was not given certain original evidence. (*Id.* at 14–15). The Movant's arguments in this regard are vague, conclusory, and largely unclear. (*Id.*) These contentions fail for the same essential reasons that claims 13 and 14 fail. In short, they are too unsupported and conclusory to warrant § 2255 relief and they are procedurally defaulted. For good measure, the record refutes any suggestion that the Government failed to provide discovery to the Movant

or that he did not have an opportunity to review discovery. (Cv-ECF No. 27-2 ¶¶ 4–5).

### P.   Claim 16

The Movant alleges that the prosecution violated the Sixth Amendment by allowing parents to relay the accusatory hearsay statements of their children at trial. (Cv-ECF No. 22 at 15–16). The Movant cannot relitigate this claim here because the Eleventh Circuit rejected it on direct appeal. *Killen*, 729 F. App'x at 713–14.

### Q.   Claim 17

The Movant contends that the Court violated the Eighth Amendment by sentencing him to 139 years' imprisonment without parole. (Cv-ECF No. 22 at 16). This claim is moot because the Eleventh Circuit vacated his 139-year sentence and, on remand, the Court imposed a substantially lower sentence.

### R.   Claim 18

The Movant contends that he was held in pretrial detention for 122 days in violation of 18 U.S.C. § 3161. (Cv-ECF No. 22 at 16). Also, he alleges that he was held in solitary confinement for 30 days in violation of due process. (*See id.*)

The claim that he was held in solitary confinement for too long is not cognizable under § 2255. *See Riley*, 468 F.3d at 754. Assuming the alleged violation of § 3161 is cognizable here, it is procedurally defaulted because the Movant did not raise it on direct appeal. *See supra* Part 3(M). The same is true for his wholly conclusory allegation that he was arrested without probable cause. (Cv-ECF No. 22 at 16). This claim fails.

### S.   Claim 19

The Movant contends that the 50-year sentence imposed on remand violated the Eighth Amendment and 18 U.S.C. § 3533. (Cv-ECF No. 22 at 17). He cannot relitigate these claims here because the Eleventh Circuit rejected them on direct appeal. *Killen II*, 773 F. App'x at 570–71.

### T.   Claim 20

The Movant contends that the psychological report of Dr. DiTomasso, which counsel filed in connection with his resentencing hearing, constitutes newly discovered evidence making him actually innocent. (Cv-ECF No. 22 at 17). However, the Movant's allegation that the report would have exonerated him is conclusory. (*Id.* at 17–18). Because he does not meaningfully explain its significance, and because the evidence of his guilt was overwhelming, he has

not shown that it is "more likely than not that no reasonable juror would have convicted [him] in light of the evidence." *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 532 (11th Cir. 2009) (per curiam) (citation and internal quotation marks omitted); *see also* (Cv-ECF No. 27 at 15–17). So this claim fails.

### U.     Claim 21

The Movant alleges that the prosecutor committed misconduct by telling the Court at sentencing that he is a pedophile. "To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Merrill*, 513 F.3d 1293, 1307 (11th Cir. 2008) (citation and internal quotation marks omitted). Here, considering the overwhelming evidence of his guilt, the Movant cannot satisfy either of these prongs. Claim 21 fails.[2]

### 4.     Conclusion

Accordingly, the Court **denies** the SAM (Cv-ECF Nos. 21 & 22) and **denies** a certificate of appealability. The Clerk is directed to **close** this case. Further, the Clerk is **directed to mail** a copy of this order to the Movant at the below address.

**Done and ordered**, in chambers, in Miami, Florida, on January 25, 2021.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Patrick J Killen, Jr.
07505-104
Coleman II-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1034
Coleman, FL 33521
PRO SE

---

[2] No evidentiary hearing is warranted because "the files and records of the case conclusively show that the [Movant] is entitled to no relief." 28 U.S.C. § 2255(b).